UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
2012 SEP -6  P 3: 20
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

AVALERE HEALTH, LLC,
1350 Connecticut Ave., NW
Suite 900
Washington, DC 20036

    Plaintiff,

v.

AVALERE.ORG and AVALERE.NET,
Internet domain names,

    Defendants.

Civil Action No. 1:12CV997 LO/IDD

## COMPLAINT

Plaintiff, AVALERE HEALTH, LLC, by and through undersigned counsel, for its *in rem* Complaint against Defendants AVALERE.ORG and AVALERE.NET, Internet domain names, alleges and states as follows, with knowledge as to its own actions and information and belief as to all others:

### THE PARTIES

1. Plaintiff Avalere Health, LLC ("Avalere") is a global limited liability company organized and existing under the law of Maryland with a business address at 1350 Connecticut Ave., NW, Suite 900, Washington, DC 20036.

2. Defendants are the domain names AVALERE.NET and AVALERE.ORG ("Infringing Domain Names"). The current WHOIS information for the AVALERE.NET and AVALERE.ORG domain names lists the registrant ("Registrant") as Andrew Valere of Custom Mailboxes by Andrew, with addresses at 4th Street, Tampa, Florida 33634 and 4th Street, Tampa,

1

the phone number are valid. *See, e.g.,* Exhibit 2 (printout from United States Postal website showing that the 33634 and 33647 zip codes are not valid for any 4th Street address in Tampa, Florida); *see also* Exhibit 3 (printout showing 800-795-7001 is for the Hollywood Casino at Charles Town Races in West Virginia). On information and belief, as detailed below, Andrew Valere is not the true name of the registrant of the Infringing Domain Names.

## NATURE AND BASIS OF ACTION

3. The Infringing Domain Names are confusingly similar to Avalere's federally registered trademark AVALERE. This is an *in rem* action asserted under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against the Infringing Domain Names. Avalere seeks an order compelling VeriSign Global Registry Services (VeriSign) to transfer the Infringing Domain Names to Avalere.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over claims for trademark infringement and unfair competition under the Lanham Act pursuant to 28 U.S.C. §§ 1331 and 1338.

5. *In rem* jurisdiction and venue are proper in this judicial district pursuant to 15 U.S.C. § 1125 *et seq.* because (1) the Infringing Domain Names violate Avalere's registered AVALERE trademark; (2) Avalere has not been able to find a person who would have been a defendant in a civil action after significant due diligence; and (3) *in rem* jurisdiction over domain names is proper in the place of incorporation of the registry for the Infringing Domain Names. 15 U.S.C. § 1125(d)(2)(A).

6. Avalere has, without success, attempted to identify the true registrant of the Infringing Domain Names, beginning in November of 2011. Avalere's counsel attempted to contact the registrant of the Infringing Domain Names by email on November 16, 2011 and by certified mail

dated November 17, 2011. The certified letter was returned as undeliverable. *See* Exhibit 4. On November 22, 2011, Mr. Benjamin L. Willey, Esq., identifying himself as counsel to the registrant of the Infringing Domain Names, e-mailed Plaintiff's counsel. *See* Exhibit 5. Mr. Willey said in his e-mail that, "The price my client would want for sale of the two domain names would be $55,000." *Id.* Shortly thereafter, Mr. Willey stopped responding to Avalere's counsel's phone calls and emails.

7. On May 24, 2012, Mr. John Daly, who identified himself as a non-lawyer agent of the registrant of the Infringing Domain Names, contacted Avalere's counsel and offered to sell the Infringing Domain Names for $50,000. During those discussions, Mr. Daly revealed that his client – the registrant of the Infringing Domain Names – was not a person named Andrew Valere. The true identity of the registrant and the correct address at which to serve the registrant have never been disclosed to Avalere.

8. On August 9, 2012 Avalere sent a notice of the alleged violation and intent to proceed under 15 U.S.C. § 1125(d)(2)(A) (attaching a copy of this Complaint) to the listed registrant of the Infringing Domain Names at the postal and e-mail address provided by the listed registrant to the registrar. A copy of this correspondence, including the Complaint, was also sent to Mr. Willey and to Mr. Daley.

9. VeriSign is the registry for all ".org" and ".net" domains, including the Infringing Domain Names. VeriSign is located within this judicial district.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

11. Since 2005, Avalere has been offering health-related advisory services under its AVALERE trademark.

12. Avalere has common law trademark rights and statutory trademark rights throughout the United States in the AVALERE trademark based on its use of this mark in connection with providing organizations in the health care industry with consulting, advisory, policy analysis, data analytics and business strategy related services, as well as related educational and information technology products and services.

13. Avalere's exclusive rights to the AVALERE trademark are partially evidenced by the following United States Trademark Registrations:

- **AVALERE**, Registration No. 3294805 (filed February 24, 2005, registered September 18, 2007)

- **AVALERE & Design**, Registration No. 3665777 (filed July 1, 2008, registered August 11, 2009)

- **AVALERE**, Registration No. 3922057 (filed March 19, 2010, registered February 22, 2011)

- **AVALERE CER INTELLIGENCE**, Registration No. 4,168,596 (filed October 1, 2010, registered July 3, 2012)

- **AVALERE EBM INSIGHTS**, Registration No. 4,165,244 (filed October 1, 2010, registered June 26, 2012)

- **AVALERE EBM NAVIGATOR**, Registration No. 4,165,243 (filed October 1, 2010, registered June 26, 2012)

Copies of printouts from the Trademark Application and Registration Retrieval System (TARR) of the United States Patent and Trademark Office are attached as Exhibit 6.

14. The Infringing Domain Names incorporate Avalere's AVALERE trademark in its entirety and are therefore identical to Avalere's AVALERE trademark.

15. The Infringing Domain Names are confusingly similar to Avalere's AVALERE trademark.

16. The registrant of the Infringing Domain Names acquired the Infringing Domain Names in October of 2010, over five years after Avalere's first use and registration of the AVALERE trademark.

17. The acquisition of the Infringing Domain Names by the registrant in October 2010 was a registration of the Infringing Domain Names within the meaning of 17 U.S.C. § 1125(d). *See Schmidheiny v. Weber*, 319 F.3d 581 (3rd Cir. 2003).

18. The registrant of the Infringing Domain Names has no trademark or other intellectual property rights in the Infringing Domain Names.

19. The Infringing Domain Names do not consist of the legal name of the registrant. Instead, the registrant intentionally chose a false name ("Andrew Valere") that incorporates Avalere's AVALERE trademark in an attempt to superficially comply with the legal name defense of the Lanham Act. *See* 17 U.S.C. § 1125(d)(1)(B)(i)(II) ("[A] court may consider factors such as . . . the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person"). Registrant's intentional submission of false information demonstrates that the registrant is aware that its actions violate the Anticybersquatting Consumer Protection Act.

20. Neither of the Infringing Domain Names direct to websites owned by the registrant that are making, or have made, a bona fide offering of goods or services.

21. The registrant is not using the Infringing Domain Names for noncommercial or fair use of the AVALERE trademark.

22. The AVALERE.NET domain name directs to a website that provides sponsored links provided by Google AdSense for websites related to medical and health-related services, and therefore directly competes with Avalere. *See* Exhibit 7.

23. The AVALERE.ORG domain name directs to a parked website that offers links to unrelated commercial sites, presumably for compensation. *See* Exhibit 8.

24. Registrant, acting through its counsel, offered to sell the Infringing Domain Names to Avalere for $55,000. *See* Exhibit 5.

25. Registrant, acting through its agent Mr. Daly, again offered to sell the Infringing Domain Names to Avalere for $50,000. *See* Declaration of Brian Hurh.

26. Registrant supplied false contact information for the Infringing Domain Names, including the name of the registrant and the address at which the registrant can be contacted. *See, e.g.,* Exhibits 1, 2, 3. Neither registrant's counsel nor its agent for the Infringing Domain Names would identify the true registrant of the Infringing Domain Names.

27. A reverse IP search of the AVALERE.ORG domain name shows that the registrant owns 10,670 domain names at the same IP address as that of AVALERE.ORG. *See* Exhibit 9.

28. A reverse IP search of the AVALERE.NET domain name shows that the registrant owns 69,685 domain names at the same IP address as that of AVALERE.NET. *See* Exhibit 10.

29. The Infringing Domain Names are misdirecting traffic from Avalere's legitimate website and in the process are making money for registrant as a result of the consumer confusion.

30. The Infringing Domain Names are causing, or are likely to cause, consumer confusion, mistake and deception.

31. The Infringing Domain Names are infringing Avalere's exclusive rights to the AVALERE trademark. The registrant has no legitimate reason to own and traffic in the Infringing Domain Names other than to infringe on Avalere's rights.

## COUNT I
## Trademark Infringement In Violation of 15 U.S.C. § 1114

32. Avalere realleges all allegations in this Complaint as if stated herein.

33. The Infringing Domain Names' actions described herein constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II
## Trademark Infringement In Violation of 15 U.S.C. § 1125(a)

34. Avalere realleges all allegations in this Complaint as if stated herein.

35. The Infringing Domain Names' actions described herein constitute trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1125(a).

## COUNT III
## Cyberprivacy In Violation of 15 U.S.C. § 1125(d)

36. Avalere realleges all allegations in this Complaint as if stated herein.

37. The Infringing Domain Names actions described herein constitute Cyberpiracy in violation of the Lanham Act, 15 U.S.C. § 1125(d).

## PRAYER FOR RELIEF

WHEREFORE, Avalere prays that the Court grant the following relief:

1. Judgment in favor of Avalere and against the Infringing Domain Names on all claims;

2. An order for the transfer of the Infringing Domain Names to Avalere;

3. Such other and additional relief as the Court deems just and equitable.

Respectfully submitted,

_/s/ Daniel P. Reing_

Daniel P. Reing (VSB # 73348)
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
202-973-4200
202-973-4499 (fax)
danielreing@dwt.com

Of counsel:

Jane Eckels
Matthew Moersfelder
DAVIS WRIGHT TREMAINE LLP
Suite 2200
1201 Third Avenue
Seattle, Washington 98101-3045
206-622-3150

Michael Sloan
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Ave., NW, Suite 800
Washington, DC 20006
202-973-4200
202-973-4499 (fax)
michaelsloan@dwt.com

*Counsel for Plaintiff*